UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

A.J. BOSMAN,

      Appellant,

    v.

MATTHEW J. GLOD,

      Appellee.
_____

6:15-cv-1036
(GLS)

## SUMMARY ORDER

Before the court is a *sua sponte* raised question of appellate jurisdiction over this bankruptcy appeal. By text only order, the court directed the parties to brief the issue of whether the notice of appeal was timely filed. (Dkt. No. 2.)[1] For the reasons that follow, appellant A.J. Bosman's notice of appeal was timely filed.

This appeal arises from an adversary proceeding commenced by Bosman, a creditor, to determine the dischargeability of appellee Matthew Glod's debt. (Bankr. Dkt. No. 1.) In December 2014, a two-day bench trial was held before Bankruptcy Court. (Bankr. Dkt. Nos. 32, 34.) On April 1,

---

[1] References to the entries on this court's docket will be preceded by "Dkt. No." References to the entries on the bankruptcy court docket in the Adversary Proceeding Case No. 13-80020 will be preceded by "Bankr. Dkt. No."

2015, Bankruptcy Court issued a Memorandum, Decision and Order (MDO) finding in favor of Glod and dismissing Bosman's complaint. (Bankr. Dkt. No. 40.)

Believing that the time to appeal had expired, Bosman filed a motion to extend her time to appeal. (Bankr. Dkt. No. 42.) After a hearing, Bankruptcy Court denied Bosman's motion. (Bankr. Dkt. No. 50.) Bankruptcy Court later docketed the following entry: "Disposition of Adversary 6:13-ap-80020 Judgment For Defendant." (Aug. 6, 2015 Bankr. Dkt. Entry.) Thereafter, on August 20, 2015, Bosman filed a notice of appeal seeking appellate review from this court. (Bankr. Dkt. No. 51.) Pursuant to Local Rule 76.2(a), the Clerk of Bankruptcy Court issued a certification of non-compliance for untimeliness, which was transmitted to this court. (Dkt. No. 1 at 83.) As noted above, this court directed the parties to brief the issue of the timeliness of the appeal. (Dkt. No. 2.)

Bosman argues that her appeal is timely because Bankruptcy Court never entered judgment, and she filed her notice of appeal pursuant to the 150-day provision in Rule 58(c) of the Federal Rules of Civil Procedure. (Dkt. No. 3 at 2-3.) Alternatively, Bosman contends that the August 6, 2015 docket entry is a judgment and she timely filed her notice of appeal

2

within fourteen days of the entry. (*Id.* at 3-4.) In opposition, Glod asserts Bosman's appeal is untimely because it was not filed within fourteen days of Bankruptcy Court's April 1, 2015 MDO as required by Rule 8002 of the Federal Rules of Bankruptcy Procedure. (Dkt. No. 4 at 2.) Glod argues that Rule 58 should not apply because Rule 58 "is limited to [judgments]" whereas Rule 8002 "addresses judgments, orders, or decrees." (*Id.*) Even if Rule 58 applies, Glod maintains that the appeal is still untimely because the decretal order in Bankruptcy Court's MDO satisfies the separate judgment requirement. (*Id.*) The court agrees with Bosman.

A party to a bankruptcy proceeding may appeal as of right to a district court "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). An appealing party must file a notice of appeal within fourteen days "after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). An untimely appeal of a bankruptcy judgment deprives a district court of appellate jurisdiction. *See Statek Corp. v. Dev. Specialists, Inc. (*In re *Coudert Bros. LLP)*, 673 F.3d 180, 185 (2d Cir. 2012). Accordingly, the court has an "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Id.* at 185 n.6 (internal quotation marks and citation omitted). Glod maintains

that Bosman's appeal is untimely under Rule 8002(a)(1), but he fails to appreciate that Bankruptcy Court's MDO does not constitute a judgment.

With certain exceptions not relevant here, a judgment must be set out in a separate document. *See* Fed. R. Civ. P. 58(a); *see also* Fed. R. Bankr. P. 7058 (incorporating Fed. R. Civ. P. 58 into adversary proceedings). "This separate document must be separate from any judicial memorandum or opinion and must be labeled a judgment." *Árzuga v. Quiros*, 781 F.3d 29, 33 (2d Cir. 2015) (internal quotation marks and citation omitted). Although formal, "[t]hese mechanistic requirements . . . are necessary to the goal of promoting clarity[, as l]itigants must be able to determine when a judgment is a judgment for the purpose of appeal." *Cooper v. Town of East Hampton*, 83 F.3d 31, 34 (2d Cir. 1996). As such, the separate document rule "avoid[s] confusion as to when the clock starts for the purpose of an appeal." *Id.* at 33.

Glod's argument that the MDO is a judgment is plainly meritless. (Dkt. No. 4 at 2.) It is not labeled as such and contains Bankruptcy Court's reasoning and legal opinion. *See Árzuga*, 781 F.3d at 33*.* Furthermore, a decretal order included with an opinion or memorandum will not transform a decision into a judgment. *See Redhead v. Conference of Seventh-Day*

4

*Adventists*, 360 F. App'x 232, 233 (2d Cir. 2010); *RR Vill. Ass'n, Inc. v. Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2d Cir. 1987) (holding that an order included with an opinion or memorandum does not satisfy the separate document requirement). Accordingly, Bankruptcy Court's MDO is not a judgment under Rule 58.

Bosman's alternative argument that the August 6, 2015 docket entry is a judgment, however, is a closer question. *See Redhead*, 360 F. App'x at 234 (holding that a docket entry labeled "ENTRY OF JUDGMENT AS A MATTER OF LAW" constituted a judgment). Ultimately, whether the August 6, 2015 docket entry triggered the appeal clock is of no moment because Bosman's appeal would be timely in either event.

A judgment is entered once "it is set out in a separate document" or "150 days have run from the entry in the civil docket." Fed R. Civ. P. 58(c)(2); *see Árzuga*, 781 F.3d at 33. In an adversary proceeding, "if a separate order is not entered as required by the rule, the deadline to appeal is 164 days from the date a decision that would otherwise be final is entered." *Church Joint Venture, L.P. v. Blasingame (*In re *Blasingame)*,

525 B.R. 675, 681 (B.A.P. 6th Cir. 2015).[2] The 164-day deadline "is calculated by adding the 150 days in Rule 58 to the 14[-]day appeal period provided by Bankruptcy Rule 8002(a)." *Id.*

Glod's argument that Rule 58 should not apply to this adversary proceeding is not supported. (Dkt. No. 4 at 2.) Glod cites no authority for this proposition. (*Id.*) Moreover, Rule 7058 of the Federal Rules of Bankruptcy Procedure expressly makes Rule 58 applicable in adversary proceedings. *See In re Blasingame*, 525 B.R. at 678-79 (noting that Rule 58, incorporated by Rule 7058 in adversary proceedings, "sets forth the requirement for triggering the starting date for determining the time allotted for an appeal"). Therefore, the requirements of Rule 58 are properly applied to this proceeding.

Here, no judgment was entered in a separate document. Thus, under Rule 58(c), the fourteen-day period to appeal did not begin to run until 150 days after the dismissal of the adversary proceeding, on April 1,

---

[2] Although the Second Circuit has not yet applied the 150-day provision of Rule 58(c) to bankruptcy proceedings, bankruptcy courts in this circuit acknowledge that Rule 58 generally applies to adversary proceedings. *See, e.g., Messer v. Peykar Int'l Co., Inc. (*In re *Fine Diamonds, LLC)*, 501 B.R. 230, 231 n.2 (Bankr. S.D.N.Y. 2013); *Marina Dist. Dev. Co. LLC v. Chong Park (*In re *Chong Park)*, 492 B.R. 668, 691 (Bankr. S.D.N.Y. 2013). Additionally, the Second Circuit has applied the 150-day rule in other contexts. *See, e.g., Árzuaga*, 781 F.3d at 33; *Mir v. Shah*, 569 F. App'x 48, 49 n.1 (2d Cir. 2014). Accordingly, the court is persuaded that the 150-day rule applies in this case.

2015. (Bankr. Dkt. No. 40.) Therefore, taking into consideration that the 164th day fell on a Saturday, the notice of appeal had to be filed on or before September 14, 2015. Bosman filed her notice of appeal well before the deadline, on August 20, 2015, (Bankr. Dkt. No. 51), and, therefore, timely appealed. Assuming without deciding that the August 6, 2015 docket entry constitutes a judgment, Bosman's appeal is still timely because her notice of appeal was filed within fourteen days of the entry. *See* Fed. R. Bankr. P. 8002(a)(1). Accordingly, this court has jurisdiction over the appeal, and the Clerk shall notify the Bankruptcy Court Clerk to complete the record promptly in accordance with Rule 8010(b) of the Federal Rules of Bankruptcy Procedure.

It is hereby

**ORDERED** that the Clerk direct the Bankruptcy Court Clerk to complete the record promptly pursuant to N.D.N.Y. L.R. 76.2(a) and Fed. R. Bankr. P. 8010(b); and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

December 17, 2015
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge